**IN THE SUPERIOR COURT OF THE STATE OF DELAWARE**

STATE OF DELAWARE      )
                         )
    v.                  )       **I.D. No. 1310001581**
                         )
SEAN GREEN,          )
                         )
    Defendant.       )

Submitted: October 20, 2016
Decided: November 21, 2016

**ORDER (i) SUMMARILY DISMISSING DEFENDANT'S
MOTION FOR POSTCONVICTION RELIEF AND (ii) DENYING
DEFENDANT'S MOTION FOR RECONSIDERATION OF COMMISSIONER'S
ORDER**

This 21st day of November, 2016 upon consideration of Defendant's *Pro Se*

Motion for Postconviction Relief (the "Rule 61 Motion") filed by Sean Green, SBI#

00588348; the Commissioner's Report and Recommendation That Defendant's Motion

for Postconviction Relief Should Be Denied (the "Report") issued by Superior Court

Commissioner Lynne M. Parker on October 11, 2016; Defendant's Motion for

Reconsideration of Commissioner's Order (the "Response") filed by Sean Green on

October 20, 2016; and the record in this case:

    1)      The Court referred the Motion to a Commissioner pursuant to 10 *Del. C.*

§512(b) and Superior Court Criminal Rule 62[1] for proposed findings of facts and

conclusions of law.

---

[1] Hereafter, any Superior Court Criminal Rule referenced in this Order will be cited as "Rule __."

2) On October 11, 2016, Commissioner Parker filed the Report. In the Report, Commissioner Parker reports and recommends that the Rule 61 Motion be summarily dismissed. The Prothonotary docketed the Report on October 11, 2016.

3) The Report was served on Mr. Green. Under Rule 62(4)(ii), any objections to the Report needed to be filed within ten (10) days after the filing of the Report. Mr. Green filed the Response on October 20, 2016. The Court will consider Mr. Green's Response to the Report as timely.

**NOW THEREFORE**, after careful and *de novo* review of the record in this action, and for reasons stated in the Report,

**IT IS FOUND AND DETERMINED** that the Report is not clearly erroneous, is not contrary to law, or an abuse of discretion, and

**IT IS FOUND AND DETERMINED** that the argument in the Response fails to properly understand the Report's discussion of the video, what is on the video and, therefore, the video's relevance to the underlying criminal action;[2] and

**IT IS ORDERED** that the Report, including its recommendation, is **ADOPTED** by the Court, and

**IT IS FURTHER ORDERED** that the Defendant's Motion for Postconviction Relief is **DENIED**.

---

[2] The Report explains that the video contains no footage of the actual incident. Moreover, the Report notes that the Defendant's counsel viewed the video and noted that it was of such poor quality that it did not add anything to the defense case. Mr. Green contends that the video had to contain exculpatory evidence or else it would not have been provided under Rule 16. This argument is too facile. It is the Court's experience that parties in criminal cases do exchange more items, documents, pictures and alike under Rule 16 than just *Brady* material.

**IT IS FURTHER ORDERED** that Defendant's Motion for Reconsideration of

Commissioner's Report is **DENIED**.


/s/ *Eric M. Davis*
Eric M. Davis, Judge


Original to Prothonotary:
cc:     Commissioner Lynne M. Parker
        Sean Green, SBI# 00588348
        Matthew C. Bloom, Esquire